## WEBBER v. AHRENS.

1. MOTIONS FOR NEW TRIAL.—The trial judge may refuse a motion for a new trial in a law case without assigning any reason for such refusal; but if he does assign reasons, they may be reviewed in this court so far as they involve propositions of law. Of questions of fact decided in the refusal, this court has no jurisdiction.
2. IBID.—POSTPONING OBJECTIONS.—There was no error in refusing a new trial moved for on the ground that the partnership of plaintiffs, denied by the answer, had not been proved, when such objection had not been raised by motion for non-suit or request to charge.

3. EXCEPTIONS not sustained by the record, overruled.

Before IZLAR, J., Colleton, February, 1891.

This was an action by Webber & Davis against John Ahrens, commenced December 26, 1889. The opinion states the case.

*Mr. C. C. Tracy*, for appellant.

*Messrs. Howell, Murphy & Farrow*, contra.

September 12, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. This action was tried before Judge Izlar and à jury at the February term, 1891, of the Court of Common Pleas for Colleton County, and was for the claim and delivery of a certain mule. The verdict of the jury was for the plaintiff, but immediately after its rendition the defendants moved before the Circuit Judge for a new trial, and after a denial of such motion, judgment was duly entered by the plaintiffs ; whereupon the defendants appealed, and as the grounds for such appeal allege : 1. For that his honor, Judge Izlar, erred in holding that the new trial moved for by appellants herein should not be granted. 2. For that his honor erred in not holding that it was necessary to prove the names and the copartnership of plaintiffs before the said plaintiffs would be entitled to recover. 3. For that his honor erred in holding that it was not necessary to prove the fact of partnership and the names of copartners stated in the caption of plaintiffs' complaint, whereas it is respectfully submitted that the same, being a material allegation, should have been sustained by proof.

Let us dispose of the questions of the appeal. It is always well to have the facts surrounding a transaction that is before us for investigation well in hand before we venture to form or express an opinion. The complaint here alleged a partnership, giving the names of the individuals composing the firm, as well as giving the firm name. These facts were denied by the answer. Certain proofs, both oral and documentary, were given in evidence at the hearing in relation thereto. When the cause

was submitted to the jury, the "Case" shows that no requests to charge were made by either plaintiffs or defendants, and it was submitted, as a pure question of fact for the jury to solve, as to the ownership of the mule. When the defendants lost the verdict they made a motion for a new trial, upon the ground that the partnership and the members thereof were material allegations of the complaint, and being put in issue by defendants' answer, had not been proved. The trial judge denied the motion for a new trial, basing his refusal upon two grounds : 1. That there was some testimony as to those facts before the jury ; and, 2d. That the motion came too late.

The trial judge need not have given any reasons for his refusal of the motion for a new trial (*State* v. *Tarrant*, 24 S. C., 593) ; but if he gave his reasons for his conclusions, such reasons cannot be canvassed by this court if they relate to the questions of fact submitted to the jury. *Hyrne* v. *Erwin*, 23 S. C., 231. It is in the power of the Circuit Judge to consider the weight and effect of testimony when he hears motions for new trial, but the law very wisely denies any such power in cases, on the law side of this court, to this court. *Altee* v. *Railway Company*, 21 S. C., 558, 559. It is only when the reasons given by the Circuit Judge present questions of law that this court can interfere.

Now, then, is there anything of a legal character in the reasons given by the Circuit Judge for his refusal of this motion for a new trial ? Certainly there is nothing in the first reason given by him, namely, that there was some testimony before the jury on the question of the partnership, its name and its members, as well as its previous and present existence. *State* v. *Cardozo*, 11 S. C., 195. Is there anything in the second ? Did the motion for a new trial on such grounds come too late ? The trial judge evidently felt, when he used this language, that if the defendants were impressed, as their motion indicated, they should have moved in the first place for a nonsuit ; or, secondly, asked an instruction at his hands to the jury when he came to charge them, as to the requirements of the law touching a partnership—what proof thereof is requisite. He meant that he would not assist parties who, having deliberately

chosen one line of battle, when defeated there, to set up another in plain view from the first. In all these matters we find no cause of complaint.

As to the 2d and 3d exceptions of appellants, we have examined the "Case" carefully and fail to find that the Circuit Judge erred in the particulars complained of, for in no instance did he hold that it was unnecessary for the plaintiffs to prove the names and copartnership of the plaintiffs, and equally as clearly he did not hold that it was necessary to prove the fact of copartnership and the names of copartners stated in the caption of the complaint.

It follows, therefore, that it is the judgment of this court, that the judgment of the Circuit Court be affirmed.