### ROUNTREE v. ATLANTIC COAST LINE R. R.

1. ELECTING CAUSE OF ACTION.—Where a plaintiff jumbles together a cause of action at common law and one under the statute, he cannot be required, under sec. 186a, Code of Procedure, to elect upon which he will go to trial.

2. DAMAGES.—Evidence that a carrier failed to stop its train at a flag station to let off a passenger to which it had sold him a ticket; that

he was put off at another station and had to walk two miles in consequence, are elements to be considered by the jury in determining if plaintiff has sustained damages at common law by acts of carrier.

3. RAILROADS—STOPPING AT STATIONS.—Failure to stop a train at a flag station to let off a passenger to whom it had sold a ticket to that point, does not render the company liable to the penalty provided in sec. 2202 of Code 1902.

4. NEW TRIAL.—Erroneous statement by trial Judge of evidence in stating his opinion of the force and effect of evidence has no effect upon order refusing new trial.

Before TOWNSEND, J., Barnwell, April, 1905. Reversed.

Action by James Rountree against Atlantic Coast Line Railroad Co. From judgment for plaintiff, defendant appeals.

*Mr. Robert Aldrich*, for appellant, cites: *Plaintiff not entitled to punitive damages:* 72 S. C., 343. *Statute as to stopping trains at stations does not apply to flag stations:* 42 Ill. App., 387; 19 Ill. App., 141; 122 Ill. App., 506; 77 Ill., 443; 72 S. C., 442.

*Messrs. Bates & Simms*, contra, cite: *Plaintiff not required to elect on causes of action:* 186a, Code of Proc.; 35 S. C., 475; 60 S. C., 57. *Cost of ticket and wilful acts of conductor are basis for damages:* 69 S. C., 443; 65 S. C., 410; 72 S. C., 442. *Duty of railroad company to carry passengers:* 38 S. C., 487.

February 19, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by plaintiff, through the negligence and wilfulness of the defendant, in failing to stop its train at the flag station, to which it sold him a ticket; also, for the alleged violation of sections 2134 and 2202 of the Code of Laws. The jury rendered a verdict in favor of the

plaintiff for $250. The defendant appealed and the first assignment of error is as follows:

"1. That the presiding Judge erred in law, as it is respectfully submitted, in refusing defendant's motion to require the plaintiff to elect which of the two causes of action stated in his complaint he would rely upon, namely: the common law action or the action under the statute, upon the grounds assigned by him, to wit: that the statute of this State upon the subject, which is section 186a of the Code, authorizes the two causes of action to be thus stated, when it is respectfully submitted that statute relates not to two separate and distinct causes of action, but to the right of a party to recover either actual or punitive damages without stating his grounds separately, and exempting him from the necessity to elect which he will go to trial for actual or other damages, and does not exempt him from electing which of two separate and distinct causes of action he will rely upon, when both are stated together in the same complaint."

Section 2134 of the Code of Laws is as follows: "Every railroad company in this State shall cause all its trains of cars for passengers to entirely stop upon each arrival at a station, advertised by such company as a station for receiving passengers upon such trains, for a time sufficient to receive and let off passengers."

Section 2202 of the Code of Laws provides that "each and every act, matter or thing in this Chapter declared to be unlawful, is hereby prohibited; and in case any person or persons as defined in this Chapter engaged as aforesaid shall do, suffer, or permit to be done, any act, matter or thing in this Chapter prohibited or forbidden, or shall omit to do any act, matter or thing in this Chapter required to be done, or shall be guilty of any violation of the provisions of this Chapter, such person or persons shall, where no specific penalty is hereinbefore already provided for such violation, forfeit and pay to the person or persons who may sustain

damage thereby, a sum equal to three times the amount of the damage so sustained, to be recovered by the person or persons so damaged, by suit in any Circuit Court in this State, where the person or persons causing such damage can be found, or may have an agent, office, or place of business; but in any such case of recovery, the damage shall not be assessed at a less sum than two hundred and fifty dollars * * *."

Section 186a of the Code is as follows: "In all actions *ex delicto* in which vindictive, punitive or exemplary damages are claimed in the complaint, it shall be proper for the party to recover also his actual damages sustained, and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury under the instructions of the Court. In all cases where two or more acts of negligence or other wrongs, are set forth in the complaint, as causing or contributing to the injury, for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury, under the instructions of the Court, and to recover such damages as he has sustained, whether such damages arose from one, or another, or all of such acts or wrongs alleged in the complaint."

This Court has heretofore ruled that when a complaint alleges two or more acts of wrong, they constitute separate causes of action; that the defendant may make a motion for nonsuit on the whole case, but it cannot properly be granted if there is testimony tending to prove any of said acts of wrong; that the defendant, also, has the right to elect to move for a nonsuit as to each separate cause of action, and it should be sustained in the absence of testimony tending to support that particular cause of action. *Machen* v. *Tel. Co.,*

72 S. C., 256.    But the Court has not decided that the plaintiff may be required to make an election as to the cause of action upon which he will proceed to trial, and we are unwilling to extend the doctrine as to the election of remedies. This Court is satisfied that, under the terms of section 186a of the Code, the presiding Judge was not in error in refusing the motion to require the plaintiff to elect upon which cause of action he would proceed to trial.

The second exception is as follows: "2. That the presiding Judge erred in law, as it is respectfully submitted, in refusing defendant's motion for nonsuit on the common law action, when there was no allegation or evidence whatever of any actual damages or evidence of any wanton, wilful or malicious injury, and said motion for nonsuit is renewed in the Supreme Court." There was testimony to the effect that the plaintiff was compelled to walk in the night, two miles further than he would have had to travel, if the defendant's train had stopped at the station to which he purchased his ticket; and this was an element to be considered by the jury, in determining whether the plaintiff sustained damages.    In the case of *Milhous* v. *Ry.,* 72 S. C., 442, the Court says: "When there is testimony showing that the inconvenience was the direct and proximate result of negligence or wilfulness, it may be taken into consideration by the jury in awarding damages"—citing *Cen. R. & B. Co.* v. *Strickland,* 16 S. E. (Ga.), 352.

The third assignment or error is as follows: "3. That the presiding Judge erred in law, as it is respectfully submitted, in refusing defendant's motion for nonsuit on the statutory action, when the evidence was wholly to the fact that the station by which the plaintiff was carried as he complains, is a flag station, and the statute gives a right of action in such a case only at a station advertised by the company as a station for receiving passengers, and said motion for nonsuit is renewed in the Supreme Court."

The motion for nonsuit in this case must be construed in a

double aspect—1st, as a motion based upon the fact that there was no testimony tending to establish the common law action; and 2d, as a motion founded upon the absence of testimony tending to sustain the statutory action. The plaintiff admitted that the place to which he purchased his ticket was a flag station, and the cases of *Milhous* v. *Ry., 72* S. C., 442, and *Lake Erie & Western R. R. Co.* v. *People, 42* Illinois App., 387, show that the provisions of the statute are inapplicable to flag stations. In the last mentioned case, the Court having under consideration a statute similar to that in this State, used the following language: "This statute is a penal one; the judgment rendered against the appellant is in the nature of a fine inflicted for its violation. Such statutes are to be strictly construed, and to warrant the imposition of the punishment provided, the proof must bring the one accused of its violation clearly within the provisions of the law. Courts have no power to extend such enactments to cases not clearly within their terms. Nor can usage or custom be held to extend the terms of a penal statute. * * * Carlock was not advertised by the folder as 'a place for receiving and discharging passengers,' but was expressly advertised as a place where the train would only stop if signalled to do so. A failure to stop if signalled might, of course, subject the appellant to such damages as the failure should cause, but to hold that a failure to stop there because signalled to do so, or because of a contract with the agent of the appellant to do so, or because such train usually did stop when requested, would subject the appellant to the forfeiture provided for in violation of the statute in question, would simply be an extension by the Court of a penal statute to a case not within its terms."

It is true, the presiding Judge charged the jury that the statute was inapplicable to flag stations, but he did not instruct them that they could not render a verdict based in whole or in part on the statutory cause of action; on the contrary, he submitted to them the question whether Myer's Mill

was a flag station.    Therefore, the error in refusing the non-. suit was not cured.

The fourth exception is as follows: "4. That the presiding Judge erred in law, as it is respectfully submitted, in refusing defendant's motion for a new trial on the minutes of the Court upon the grounds as stated by him, that 4 'the testimony of the conductor himself shows that he was convinced that he had done wrong, and there is other testimony in the case that shows that the conductor was negligent and reckless.' · When, as it is respectfully submitted, there is no such testimony in the case and his Honor in coming to such a conclusion misconstrued the testimony altogether, and in refusing the motion upon a clear misunderstanding of the testimony committed error of law."

In refusing the motion for a new trial, the presiding Judge merely stated his impressions as to the force and effect of the testimony.    The rule is thus stated in *Webber* v. *Ahrens,* 36 S. C., 585, 15 S. E., 732: "The trial Judge need not have given any reasons for his refusal of the motion for a new trial; * * * but if he gave his reasons for his conclusions, such reasons cannot be canvassed by this Court, if they relate to the questions of fact submitted to the jury."

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.

MR. CHIEF JUSTICE POPE *concurs in the result.*